IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AHRMADE LECOUNT, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 2:25-cv-1161-JDW |
| : | |
| SGT. EDWARD KROPP, JR., *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

Ahrmade LeCount alleges that Sergeant Edward Kropp, Jr., Officer Craig Johnson, and Officer Stoltzfus of the Pottstown Police Department violated his rights when they detained him while he was in his car. Mr. LeCount seeks to proceed *in forma pauperis*. I will permit Mr. LeCount to proceed without paying the required fees. I will dismiss his Complaint but give him an opportunity to file an amended complaint to cure the deficiencies that I identify.

I.  **FACTUAL ALLEGATIONS**

On March 13, 2023, Sergeant Kropp and Officer Stoltzfus violated Mr. LeCount's rights when they "performed an unjustified investigative detention when they boxed [his] legally parked car into its parking spot, approached from both sides, effectively restraining my freedom and liberty of movement, resulting in an unlawful de facto arrest and false imprisonment." (ECF No. 2 at § IV.D.) According to Mr. LeCount, Sergeant Kropp and Officer Stoltzfus lacked probable cause or reasonable suspicion to do so. Mr. LeCount's mental health has suffered as a result. He seeks declaratory relief and monetary damages.

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he cannot pay the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

### A. *In Forma Pauperis*

Mr. LeCount has completed the Court's form to proceed *in forma pauperis*, which demonstrates that he lacks the income or assets to pay the fees for this case. He has also provided a prison trust fund account statement. I will therefore grant him leave to proceed *in forma pauperis*. However, because he is a prisoner, he will nonetheless have to pay the filing fee over time, even if I dismiss the case. *See* 28 U.S.C. § 1915(b).

### B. Plausibility Of Claims

Mr. LeCount presents claims under 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). I construe the Complaint to assert violations of Mr. LeCount's Fourth Amendment rights to be free from unlawful search and seizure, as well as false arrest and false imprisonment. Even under a liberal construction of the Complaint, however, Mr. LeCount has not alleged a plausible basis for those claims.

#### 1. Individual capacity claims

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The elements of a § 1983 claim for unreasonable search and seizure are: (a) the actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (b) the actions were unreasonable in light of the surrounding circumstances. *See Brower v. Cnty. of Inyo*, 489 U.S. 593, 597-99 (1989). Although searches generally require probable cause or, at least, reasonable suspicion,

there are exceptions, including one that permits an arresting officer to perform a search incident to an arrest. *See Birchfield v. North Dakota*, 579 U.S. 438, 455-61 (2016).

False arrest and false imprisonment are "nearly identical claims" that courts analyze together. *Brockington v. City of Philadelphia*, 354 F. Supp.2d 563, 570 n.8 (E.D. Pa. 2005). To state a § 1983 claim for false arrest or false imprisonment, the plaintiff must allege: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citation omitted). Therefore, a plaintiff must allege facts sufficient to support a reasonable inference that the defendants acted without probable cause. "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995) (citation omitted). "[P]robable cause exists when the totality of the circumstances within an officer's knowledge is sufficient to warrant a person of reasonable caution to conclude that the person being arrested has committed or is committing an offense." *U.S. v. Laville*, 480 F.3d 187, 189 (3d Cir. 2007). The standard is "not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988). "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against

the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quote omitted). In other words, for false arrest claims involving multiple charges, establishing probable cause on one charge insulates the defendant from liability. *See Rivera-Guadalupe v. City of Harrisburg*, 124 F.4th 295, 303 (3d Cir. 2024).

      Mr. LeCount's unreasonable search, seizure, and false arrest claims lack enough detail for me to evaluate them. He says that the officers boxed in his car and approached from both sides. But he provides no information about why those actions were unreasonable. To make out a claim, there has to be some detail about the circumstances under which the seizure occurred. *See, e.g., Medina v. Aprile*, No. 23-1057, 2023 WL 3440236, at *9 (E.D. Pa. May 12, 2023), *aff'd sub nom. Medina v. Allentown Police Dep't*, No. 23-2055, 2023 WL 7381461 (3d Cir. Nov. 8, 2023). In particular, while Mr. LeCount lists Officer Johnson in the caption of the Complaint and in the list of Defendants, Mr. LeCount makes no factual allegations about him. To establish individual liability in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, meaning a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims brought against that defendant. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Given the lack of detail, I will dismiss all of the Fourth Amendment claims based on an alleged unreasonable search, seizure, or false arrest. I will give Mr. LeCount a chance to include more detail in an amended complaint.

### 2. Official capacity claims

Mr. LeCount checked the box on the form Complaint to indicate that he intends to present claims against Defendants their official capacities as well as their individual capacities. An official capacity claim is indistinguishable from a claim against the entity that employs the official. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). This means official capacity claims are "treated as a suit against the entity" and must meet the pleading standards for claims against an entity to be plausible. *Id.* The relevant entity here is the Borough of Pottstown.

To state a claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citation omitted). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* Further, "[i]t is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

Mr. LeCount has not alleged facts to establish that anyone violated his rights. In addition, he does not allege any facts to suggest that the Borough is responsible as a result of a policy or custom. I will therefore dismiss the official capacity claims. Again, if Mr. LeCount has more details that he can plead, I will give him the chance to include them in an amended complaint.

## IV.    CONCLUSION

I will grant Mr. LeCount's request to proceed *in forma pauperis*. I will dismiss his Complaint because it lacks detail. I'll give him a chance to file an amended complaint that has additional information. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

March 12, 2025